1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIMBRA L.,

                    Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.

Case No. C23-6077 RSM

**ORDER AFFIRMING AND DISMSSING THE CASE**

13

14

15

16

17

18

     Plaintiff seeks review of the denial of her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). Plaintiff contends the ALJ erred in assessing her residual functional capacity (RFC) and at step five. Dkt. 8. Plaintiff further contends that based on the ALJ's errors, the Court should remand this case for an award of benefits. *Id*. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

19

**BACKGROUND**

20

21

22

23

     This is the third time Plaintiff seeks review of her applications for benefits. In 2015, Plaintiff filed applications for DIB and SSI. AR 133, 145, 158. In January 2018, the ALJ issued a decision finding Plaintiff not disabled. AR 1266–87. This Court reversed the ALJ's decision and remanded for further proceedings. AR 1302–13. The ALJ held a hearing on remand in July

ORDER AFFIRMING AND DISMSSING THE
CASE - 1

1  2020 where Plaintiff amended her alleged onset date to December 8, 2013.  AR 1234–65.  In

2  October 2020, the ALJ issued a partially favorable decision.  AR 1194–1233.  Specifically, the

3  ALJ found Plaintiff entitled to SSI benefits beginning May 1, 2020, through the date of the

4  ALJ's decision, but not entitled to DIB benefits from her amended alleged onset date through

5  Plaintiff's date last insured of December 31, 2013.  AR 1223–24.  This Court again reversed the

6  ALJ's decision regarding whether Plaintiff was disabled prior to May 1, 2020.  AR 1697–1711.

7  In June 2023, the ALJ held a third hearing on remand.  AR 1639–56.  In July 2023, the ALJ

8  issued an unfavorable decision, finding Plaintiff not disabled prior to May 1, 2020.  AR 1608–

9  38.  In relevant part, the ALJ determined Plaintiff has the RFC to perform sedentary work,

10 except "she can never walk during the day" and "requires the ability to alternate between sitting

11 and standing at will."  AR 1617.  Plaintiff now seeks review of the ALJ's July 2023 decision.

**DISCUSSION**

13        The Court may reverse the ALJ's decision only if it is legally erroneous or not supported

14 by substantial evidence of record.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  The Court

15 must examine the record but cannot reweigh the evidence or substitute its judgment for the

16 ALJ's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is susceptible to

17 more than one interpretation, the Court must uphold the ALJ's interpretation if rational.  *Ford*,

18 950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on account of an error

19 that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

20    **1.      Plaintiff's RFC**

21        Plaintiff contends the ALJ erred in assessing her RFC.  Dkt. 8 at 2–6.

22        A claimant's RFC is the most the claimant can still do despite [his or her] limitations.  20

23 C.F.R. §§ 404.1545(a), 416.945(a).  The ALJ assesses a claimant's RFC by looking at the

ORDER AFFIRMING AND DISMSSING THE
CASE - 2

1   relevant evidence, including objective medical evidence and the claimant's complaints regarding

2   his or her symptoms.  *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017).

3       Here, the ALJ assessed Plaintiff has the RFC, in relevant part, to perform sedentary work

4   with both exertional and non-exertional limitations.  AR 1617.  Plaintiff contends the ALJ erred

5   by arbitrarily omitting the off-task and absenteeism limitations the ALJ had included in the 2020

6   decision.  *See* Dkt. 8 at 2–6; AR 1218 ("15% off task at work," "likely to be absent from work

7   one time per month").  Plaintiff maintains the 2023 RFC should be the same as the 2020 RFC,

8   given the ALJ considered the same evidence in both decisions, but Plaintiff makes no specific

9   arguments regarding the ALJ's actual assessment of her RFC.  *See id*. at 4.  Plaintiff only points

10  to the ALJ's findings at step three,[1] states they are "nearly a copy/paste from between the 2020

11  and the 2023 decision," and therefore indicative of the ALJ's arbitrary omission of her off-task

12  and absenteeism limitations.  *See id*. at 4.  The Court will not consider matters that are not

13  "'specifically and distinctly'" argued in the plaintiff's opening brief. *Carmickle v. Commissioner,*

14  *Social Sec. Admin*., 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (*quoting Paladin Assocs., Inc. v.*

15  *Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)).  At best, Plaintiff appears to suggest the

16  ALJ improperly disregarded her subjective testimony regarding her mental health, but as

17  discussed below, this argument is not supported by substantial evidence.  *See* Dkt. 8 at 4–5.

18      When the ALJ determines a claimant has presented objective medical evidence

19  establishing underlying impairments that could cause the symptoms alleged, and there is no

20  affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to

21  symptom severity by providing "specific, clear, and convincing" reasons supported by

22

23

---

[1] Plaintiff refers to these as the ALJ's "Step 4" findings, but the Court presumes Plaintiff was referring to step three, given Plaintiff's issue with the ALJ's discussion of the Listing of Impairments.

ORDER AFFIRMING AND DISMSSING THE
CASE - 3

1    substantial evidence.  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  "The standard

2    isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that

3    it has the power to convince."  *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

4          Plaintiff appears to take issue with the ALJ's disregard for the "many citations which find

5    [her] to be depressed, sad, tearful, anxious, worried, tense, guarded, blunted, or with restricted

6    affect.  *See* Dkt. 8 at 4.  Plaintiff misunderstands the ALJ's evaluation of her testimony—the ALJ

7    did not deny Plaintiff's symptoms, but rather her statements regarding their intensity and limiting

8    effects because of their inconsistency with the record.  *See* AR 1618–19.  "When objective

9    medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ

10   may indeed weigh it as undercutting such testimony."  *Smartt*, 53 F.4th at 498.  Here, the ALJ's

11   assessment is well supported by the evidence showing Plaintiff's normal presentation, full

12   alertness and orientation, as well as normal thought content, intact insight and judgment, fair to

13   intact memory, and intact concentration.  AR 1622 (citing AR 480, 487, 529, 552, 568, 571, 988,

14   1043, 1062, 1080, 1090, 1102, 1129, 1166, 1168–69, 1171–72, 1184, 1523).  The ALJ also

15   observed that after management of her medication, Plaintiff was continuously found well

16   developed and in no distress.  *See* AR 1097, 1129, 1493, 1500, 1512, 1516, 1523.  Additionally,

17   the ALJ highlighted the stabilization of Plaintiff's mood and reports of no changes in stress

18   levels, mood disorders, and memory.  *See* AR 551, 724, 744, 746–47.  "Impairments that can be

19   controlled effectively with medication are not disabling for the purpose of determining eligibility

20   for [social security disability] benefits.  *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439

21   F.3d 1001, 1006 (9th Cir. 2006).  Given these records, the ALJ permissibly rejected Plaintiff's

22   testimony.

23         An ALJ's RFC assessment only needs to incorporate credible limitations supported by

ORDER AFFIRMING AND DISMSSING THE
CASE - 4

1    substantial evidence in the record. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir.

2    2008). Considering the ALJ's proper rejection of Plaintiff's testimony, and given that Plaintiff

3    raised no other objections to the ALJ's evaluation, the Court finds no error with the ALJ's RFC

4    assessment.

5          **2.     Step Five**

6         Plaintiff contends the ALJ erred at step five by posing to the vocational expert (VE) a

7    hypothetical that did not include the ALJ's own RFC limitations, and by relying on the jobs

8    provided by the VE. Dkt. 8 at 6–7.

9         At step five of the sequential evaluation process, the ALJ has the burden of determining

10    whether "the claimant can perform a significant number of other jobs in the national economy."

11    *See Ford*, 950 F.3d at 1148. One way the ALJ meets this burden is by relying on the testimony

12    of a VE. *See Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

13         In the most recent hearing, the ALJ asked the VE what occupations are available for an

14    individual who has the same RFC as Plaintiff, is "provided a sit/stand at-will option at the

15    workplace," and is not required to do any walking. AR 1651–52. The VE provided the

16    following occupations: bottle packer, small product assembler II, and electronics worker. AR

17    1653–54. The VE explained that his answers were based on the Dictionary of Occupational

18    Titles (DOT) as well as his 44 years of experience as a vocational counselor. AR 1653. The

19    ALJ also asked the VE if he had to "go beyond the DOT" to determine these occupations. *Id*.

20    The VE confirmed doing so because the "DOT does not break that down." *Id*. The ALJ then

21    relied on the VE's testimony and incorporated it into his decision. AR 1628–29.

22         Plaintiff points out the ALJ limited her to sedentary work, but the occupations the ALJ

23    incorporated in his decision are considered "light work" that "[do] not impose standing

1  limitations other than the need for sit/stand option." *Id.* at 6–7.  Plaintiff argues, therefore, that

2  the occupations determined by the ALJ at step five are incompatible with the ALJ's own RFC

3  assessment. *Id*.

4          Plaintiff's argument seems to be predicated on the idea that an individual with a

5  sedentary RFC must have stricter siting/standing limitations or not required to stand at all.  As

6  Defendant points out, however, the regulations describe sedentary work as one involving sitting,

7  as well as "a certain amount of walking and standing."  20 C.F.R. §§ 404.1567(a), 416.967(a).

8  More importantly, an ALJ is entitled to rely on the VE's testimony at step five because VE

9  testimony is considered inherently reliable.  *See Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1192 (9th

10  Cir. 2022).  In fact, even if the VE's testimony is inconsistent with the DOT, the ALJ is not

11  precluded from relying on the testimony so long as it "match[es] the specific requirements of a

12  designated occupation with the specific abilities and limitations of the claimant."  *See Johnson v.*

13  *Shalala,* 60 F.3d 1428, 1435 (9th Cir. 1995).  "[T]he expert testimony may properly be used to

14  show that the particular jobs, whether classified as light or sedentary, may be ones that a

15  particular claimant can perform." *Id*.  Here, the VE specifically addressed Plaintiff's "sit/stand

16  at-will and no walking" limitations as inquired by the ALJ.  AR 1651–53.  Therefore, the ALJ

17  permissibly relied on the VE's testimony and did not err at step five.

18          In sum, Plaintiff has failed to show the ALJ committed errors in assessing her RFC and at

19  step five.  Accordingly, the Court need not address Plaintiff's request that this case be remanded

20  for an award of benefits.

21  //

22  //

23  //

ORDER AFFIRMING AND DISMSSING THE
CASE - 6

1

**CONCLUSION**

2          For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this

3    case is **DISMISSED** with prejudice.

4          DATED this 19th day of April, 2024.

5

6                                              RICARDO S. MARTINEZ
                                               UNITED STATES DISTRICT JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER AFFIRMING AND DISMSSING THE
CASE - 7